*E-Filed 9/2/11*

MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415 436-6967
    Fax: 415 436-6748
    Email: jennifer.s.wang@usdoj.gov

Attorneys for Federal Defendant

J. HARMOND HUGHEY
Attorney at Law
3145 Geary Blvd., # 735
San Francisco, CA 94118
Phone: (415) 573-9515
FAX: (415) 682-4783

Attorney for the Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CONCORDIA TINDAL<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK R. DONAHOE, Postmaster General of the United States,<br><br>        Defendant. | No. C 09-5550 RS<br><br>STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER |

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

    WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, and the Rehabilitation Act of 1973;

    WHEREAS, Plaintiff has filed the following administrative EEO complaints with the United States Postal Service: 1F-955-0001-06, 1F-955-0006-04, 1F-955-0006-06, 1F-955-

0011-06, and 1F-955-0014-06.

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Settlement Amount**. In full and final settlement of all claims in connection with the above-captioned action, Defendant shall pay Plaintiff a total sum of five thousand dollars and no cents ($5000.00) ("Settlement Amount"). There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to ~~Concordia Tindal and~~ J. Harmond Hughey, and will be mailed to Plaintiff in care of her counsel, J. Harmond Hughey, Esq. at the following address:

J. HARMOND HUGHEY
Attorney at Law
3145 Geary Blvd., # 735
San Francisco, CA 94118

2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set forth in this Agreement, Plaintiff hereby releases and forever discharges Defendant, United States Postal Service, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date she executes this Agreement, which arise from or relate to her employment with the United States Postal Service.

3. **Attorneys' Fees**. The parties agree that the Settlement Amount is in full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Submission of Retirement Application**. Plaintiff agrees that August 27, 2011 will be Plaintiff's effective date of retirement from the United States Postal Service. Plaintiff further warrants and represents that she submitted her completed application for retirement on August 16, 2011, by depositing it into the U.S.P.S. (by mail), and that on her application, she requested August 27, 2011 as her effective date of retirement from the United States Postal Service. Plaintiff is solely responsible for ensuring that her retirement application is complete and that any necessary documentation or information are provided to the appropriate agency.

5. **Payment of Settlement Amount**. Defendant agrees to submit the Settlement Amount for processing within ten (10) days after the Court "so orders" this Agreement. Plaintiff has been informed that the Settlement Amount may take up to sixty (60) days or more to process. The parties further agree that payment of the Settlement Amount will not be made until after Plaintiff's effective date of retirement from the United States Postal Service. Plaintiff has been informed that should the Settlement Amount be processed and a check issued prior to Plaintiff's effective date of retirement from the United States Postal Service, the check will be held by Defendant until after Plaintiff's effective date of retirement from the United States Postal Service. Plaintiff has also been informed that the check will be void within one year after it is issued.

6. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed with the Court within five (5) business days of

receipt by Plaintiff's attorney of the Settlement Amount.

7. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

8. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

9. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the United States Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

10. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

11. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C09-5550 RS                               4

1  dispute is an action to enforce the Agreement in the United States District Court for the
2  Northern District of California.

3      12. **Construction**. Each party hereby stipulates that it has been represented by and has
4  relied upon independent counsel in the negotiations for the preparation of this Agreement, that
5  it has had the contents of the Agreement fully explained to it by such counsel, and is fully
6  aware of and understands all of the terms of the Agreement and the legal consequences thereof.
7  For purposes of construction, this Agreement shall be deemed to have been drafted by all
8  Parties to this Agreement and shall not, therefore, be construed against any Party for that reason
9  in any subsequent dispute.

10      13. **Severability**. If any provision of this Agreement shall be invalid, illegal, or
11  unenforceable, the validity, legality, and enforceability of the remaining provision shall not in
12  any way be affected or impaired thereby.

13      14. **Integration**. This instrument shall constitute the entire Agreement between the
14  parties, and it is expressly understood and agreed that the Agreement has been freely and
15  voluntarily entered into by the parties hereto with the advice of counsel, who have explained
16  the legal effect of this Agreement. The parties further acknowledge that no warranties or
17  representations have been made on any subject other than as set forth in this Agreement. This
18  Agreement may not be altered, modified or otherwise changed in any respect except by writing,
19  duly executed by all of the parties or their authorized representatives.

20      15. **Authority**. The signatories to this Agreement have actual authority to bind the
21  parties.

22      16. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in
23  Employment Act**. Plaintiff acknowledges that she has up to twenty-one (21) calendar days
24  from the date she receives this Agreement to review and consider this Agreement, discuss it
25  with an attorney of her choice, and decide to sign it or not sign it, although she may accept or
26  return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiff is
27  advised to consult her attorney about the Agreement.

28      17. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C09-5550 RS             5

1  which to revoke his acceptance. To revoke, Plaintiff must send a written statement of
2  revocation, which should be mailed <u>and</u> faxed to:
3      Jennifer S Wang
    Assistant United States Attorney
4      450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
5      Fax: 415 436-6748
6      Plaintiff understands that if she revokes, this Agreement shall have no effect. If
7  Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the
8  Effective Date") after the date Plaintiff signs and dates this Agreement.

10  DATED: 8-20-2011      _Concordia D. Tindal_
                                        Plaintiff

12  DATED: 8/20/2011      _____
                                        Plaintiff's Attorney

14  DATED: 8/26/2011      _____
                                        Assistant United States Attorney
                                        Attorney for Defendant

15  DATED:                    _____
                                        Agency Representative

    PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 9/2/11        _____
                                  HON. RICHARD SEEBORG
                                  United States District Judge

1 which to revoke his acceptance. To revoke, Plaintiff must send a written statement of
2 revocation, which should be mailed **and** faxed to:
3     Jennifer S Wang
    Assistant United States Attorney
4     450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
5     Fax: 415 436-6748

6     Plaintiff understands that if she revokes, this Agreement shall have no effect. If
7 Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the
8 Effective Date") after the date Plaintiff signs and dates this Agreement.

10 DATED: _____
                        Plaintiff

12 DATED: _____
                        Plaintiff's Attorney

13 DATED: _____
                        Assistant United States Attorney
                        Attorney for Defendant

15 DATED: 9/1/11 _____
                        Agency Representative

18         PURSUANT TO STIPULATION, IT IS SO ORDERED.

20 Dated: _____
                        HON. RICHARD SEEBORG
                        United States District Judge